### TOLEDO RY. & LIGHT CO. v. CARRIE KETROW.

1. VARIANCE BETWEEN PLEADINGS AND PROOF MUST BE MATERIAL AND PREJUDICIAL TO DISTURB VERDICT AND JUDGMENT.

A variance between the allegations of the petition and the proof is not material and fatal, unless of such character as to mislead or prejudice the defendant. Hence, where, in an action by a passenger to recover for injuries alleged to have resulted from her being thrown from a street car platform, by reason of the sudden starting of the car as she was alighting therefrom, the proof shows substantially the state of facts alleged in the petition, and the facts as proved would, if they had been alleged in the petition, have required the same testimony to meet it as was offered, and the only variance was that the car had not come to a full stop as alleged, but was moving very slowly, and stopped within three feet of the place of the accident, the variance is not, in such case, material or prejudicial, and a verdict and judgment for plaintiff will not be set aside and a new trial awarded defendant.

HEARD on error.

**Smith & Baker,** for plaintiff in error.

**Alonzo G. Duer,** and **O. S. Brumback,** for defendant in error:

The mere fact that the car was moving slowly at the time plaintiff attempted to alight, would not prevent her from recovering; but, whether attempting to get off a street car while in motion, is negligence or not, is a question for the jury to determine. Holmes v. Transit Co. 10 Circ. Dec. 638; Nichols v. Railway, 38 N. Y. 131 [97 Am. Dec. 780]; Sec. 5294 Rev. Stat.; Hoffman v. Gordon, 15 Ohio St. 211.

The conductor did not use the highest degree of care in permitting plaintiff to alight from the car. Ashtabula Rapid Transit Co. v. Holmes, 67 Ohio St. 153 [65 N. E. Rep. 877]; New York, L. E. & W. Ry. v. Harber, 12 Circ. Dec. 648; Harmon v. Railway, 18 D. C. 255 (2 Am. Neg. Cas. 302); Birmingham Union Ry. v. Hale, 90 Ala. 8 [8 So. Rep. 142; 24 Am. St. Rep. 748; 2 Am. Neg. Cas. 52]; Birmingham Union Ry. v. Smith, 90 Ala. 60 [8 So. Rep. 86; 24 Am. St. Rep. 761; 2 Am. Neg. Cas. 58]; Augusta & S. Ry. v. Randall, 79 Ga. 304 [4 S. E. Rep. 674; 2 Am. Neg. Cas. 394]; Atlanta St. Ry. v. Jacobs, 88 Ga. 647 [15 S. E. Rep. 825; 2 Am. Neg. Cas. 451]; Mt. Adams & E. P. Ry. v. Wysong, 6 Circ. Dec. 28 (8 R. 211).

**HULL, J.**

This action was brought by the defendant in error, plaintiff below, against the railway company to recover damages for personal injuries which she claims to have sustained on account of the negligence of the company. She claimed in substance, in her petition, and testified at the trial, that on the day of her injury she was riding on a car of the plaintiff in error along Erie street in the city of Toledo, and that she desired to get off at Hobart street where it crosses Erie; that she notified the conductor where she wished to alight; that the signal was given for the car to stop at the Hobart street crossing; that she was sitting in the rear of the car very near the door—it not being an open car,—and that she went out on the platform and stood on the step, waiting for the car to stop, and she claims that the car did stop at the Hobart street crossing, the south crossing, the car going south, and that just as she was about to alight and before she had time to get off, the conductor rang the bell and the car started with a sudden jerk, so that she was thrown off.

It is admitted that she did fall in some way, and one of her arms was broken near the wrist. The jury returned a verdict in her favor in the amount of $225, for which judgment was entered.

It is claimed by the plaintiff in error that the verdict was against the weight of the evidence, that the plaintiff did not establish her claim and that the court below erred in overruling the motion for a new trial. The company claims that the car had not stopped when she got off, and that she was thrown down on the ground by reason of her getting off or trying to get off a moving car, and that it was unsafe and negligent for her to undertake to do so. She claims, as I have stated, that the car had in fact stopped. Quite a large number of witnesses were called on behalf of the defendant, but on the part of the plaintiff the only witness called was herself, and the statement of a boy which had been taken was used as his testimony in behalf of plaintiff. A number of small boys, most of them newsboys, were called by the defendant. They were standing near the crossing at the time of the accident, waiting for papers. The most of them testified that at the time plaintiff got off, the car was moving. Some of them say it was moving at some speed and others that it was moving very slowly; and one boy who was in the car, testified to that in substance.

The conductor testified that she undertook to get off about the middle of the street; that a man got off just before her, jumping off near the north crossing, that is, the first crossing, while the car was moving south with some speed. The conductor testifies that she remained on until the car was within about three feet of the other crossing, and while

it was yet moving, she jumped off and fell down. He testifies on cross-examination that she took hold of the hand bar with her right hand, with her face turned to the back end of the car, and that that had something to do with her falling down. The conductor testifies that the car was moving slowly, that it moved only about three feet, in his judgment, after she got off. He says that it all happened very quickly; she was sitting at the rear end of the seat, and he says that she came out quickly on the platform and turned around and jumped off.

It appears pretty clearly from the evidence that the man did jump off before she did, and that the car was then moving. One of the boys testified that he saw her get off; that the car was moving slowly at the time, but that it gave a sudden jerk and she was thrown off. He says: "The first I saw, the car gave a jerk and she fell and the car was moving just slowly when she fell."

Now, it is rather difficult perhaps to tell from this testimony, taking it all together, whether the car at the time she undertook to get off, had come to a full stop or was moving slowly—very slowly. If moving at all, it must have been very slowly, for the conductor says it only went about three feet after she got off. Plaintiff testified positively that the car had come to a full stop; that she was standing on the step and just ready to get off, and the signal was given for the car to start, and she was jerked off and fell. She staggered a few feet after she got off the car, according to the testimony, and then fell, and when she did fall, she was very near to the south crossing where the car properly stopped.

While there is this conflict in the testimony, and the number of witnesses called by the defendant outnumber those of the plaintiff, we would not feel justified in finding that the verdict was so clearly and manifestly against the weight of the evidence, that the judgment should be reversed and a new trial granted. The whole transaction happened in a very few moments. Those observing it might very easily honestly differ as they do differ in some of the details of the occurrences. It all happened almost in an instant.

We think the evidence is pretty clear that the car was moving when the man got off, although the plaintiff testified that the car had stopped when he got off and she was about to get off when it started. Taking the testimony all together, it is quite clear that the car had not come to a stop when the man jumped off.

But we are of the opinion that if the car had not come to an absolute stop, if it was moving very slowly, and just about to stop, apparently she was standing on the step of the car ready to get off and the car was started suddenly with a jerk and she was jerked off, she might

recover under that state of facts, although she alleges in her petition that the car had stopped, and that before she had reasonable time to get off she was thrown off by the starting of the car. Such a variance as that would not be material in our judgment; it would not be of such character as to mislead the defendant or prejudice it. It would be substantially the same state of facts, and require the same testimony to meet it, and the only variance would be that the car did not come to a full stop, but was moving very slowly at the time the plaintiff was jerked off. The gist of her action after all was that she was a passenger on a car; had notified the conductor where she wished to get off, and that the signal for the car to stop was given, and that she had gone out on the platform and was on the step ready to get off and was soon to get off; and that when she was in that position, the car was jerked, and she was thrown off.

If the car only had a foot or two feet more to go before making a full stop, it could be said to be moving; but that would be a variance so slight, from the allegations of her petition, that it certainly could not work any prejudice to the railroad company. The case, however, was submitted to the jury by the court upon the proposition that they must be satisfied that the car had stopped as she alleged in her petition, and that as she was about to get off, it was started, without warning to her, and she was thrown off.

Upon the question of whether such a variance as that would be material, I call attention to the case of Holmes v. Transit Co. 10 Circ. Dec. 638, a case in which one of the members of this court sat, where a similar question is discussed.

Our conclusion is that the verdict of the jury should not be disturbed.

Counsel for the defendant in error insist that a penalty should be imposed upon the plaintiff in error. We think that there was reasonable ground for filing the petition in error in this court. The case upon the facts might be said to be a close one. Therefore no penalty will be inflicted, but the judgment of the court of common pleas will be affirmed.

**Parker** and **Haynes, JJ.,** concur.